IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVATORE GITTO and PHYLLIS GITTO | : | |
| | : | Consolidated Under |
| Plaintiff, | : | MDL DOCKET NO 875 |
| | : | |
| v. | : | Civil Action |
| | : | No. 07-73417 |
| A.W. CHESTERTON CO., INC, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    AUGUST 19, 2010

Before the Court is the report and recommendation ("R&R") issued by Magistrate Judge M. Faith Angell, and joined by Magistrate Judge Elizabeth T. Hey and Judge David R. Strawbridge ("the Panel"), and defendant Buffalo Pump, Inc.'s objections thereto. The Panel recommends that the Court deny Crane Co. Inc.'s motion for summary judgment.[1] Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332. The issue before the Court is product identification.

---

[1] This case was referred by Order of the Presiding Judge of MDL-875 to a panel of three magistrate judges pursuant to MDL-875 summary judgment procedures regarding issues of causation (product identification), successor liability and settled issues of state law. (See MDL-875 summary judgment procedures, available at www.paed.uscourts.gov/mdl875y.asp; see also Gitto v. A.W. Chesterton, doc. no. 93). In the instant case, the R&R was filed after all parties were afforded an opportunity to brief all relevant summary judgment issues and lengthy argument in front of the Panel.

1

I.    BACKGROUND

Plaintiffs Salvatore Gitto and his wife, Phyllis Gitto ("Plaintiffs") filed this action in the Supreme Court of the State of New York, alleging that Mr. Gitto developed mesothelioma as a result of exposure to asbestos-containing materials while employed by the U.S. Navy as a shipfitter mechanic and shipbuilding and hull machinery inspector.  The action was subsequently removed to the United States District Court for the Southern District of New York, and transferred to the Eastern District of Pennsylvania as part of MDL-875 in October 2007.

Mr. Gitto was employed as a shipfitter from 1951-1996.  (R&R at 2-3).  He began as an apprentice shipfitter at the Brooklyn Navy Yard, was drafted and served in the United States Army from 1952-1954.  (Id. at 2.)  He completed his shipfitter apprentice program in April 1957.  (Id. at 3.)  Approximately four years later, he was promoted to shipbuilding and hull machinery inspection, and continued to work at the Brooklyn Navy Yard until it closed in May 1996.  (Id.)

Mr. Gitto analogized the job of shipfitter to that of a carpenter in the construction industry.  In a new ship, shipfitters were responsible for building the structural foundation of a ship.  They "put the flooring in, put the walls in, put the ceiling in, put the doors on, put the lath, put the staircases in . . . ."  (Gitto Video Dep. at 14-15).  After the

2

foundation was complete, the shipfitters were on standby in the general area of the ship when new pieces of equipment were installed by other tradesman. Mr. Gitto testified that while the new pieces of equipment were being insulated, the air conditions were "usually dusty and dirty and filled with fibers." (Id. at 21-22, 32).

In addition to working on the construction of new ships, Mr. Gitto was also responsible for re-commissioning old ships. This involved checking and removing old foundations, building new foundations, and doing any repairs necessary to return the ship to serviceable condition. (R&R at 4). Mr. Gitto testified that he was responsible for removing insulation on old equipment and removing old piping "which was loaded with asbestos." (Gitto Video Dep. at 27-28). He was also in the vicinity while other tradesmen removed or repaired old equipment, which done in a destructive manner, with tradesman burning, ripping, or chipping old equipment. (R&R at 4). During the removal process, Mr. Gitto testified that the air conditions were "Horrible. Dusty, dirty. Fibers, you could breathe the dust in. The room was so bad you could hardly see your hand in front of your face. The ventilation was poor." (Gitto Dep. Vol. II, doc. no. at 28-29). After the foundation was finished, Mr. Gitto was present when outside machinists drilled a series of mounting holes into the equipment so that it could be attached to the foundation. (Gitto

Video Dep. at 31).

Mr. Gitto recalled a variety of ships on which he performed work including the USS Franklin D. Roosevelt (USS "FDR"), USS Independence, and USS New Jersey. (Gitto Dep. Vol. I, doc. no. at 81-82). Mr. Gitto testified that he performed new construction on the USS Independence, and that he was involved in construction to rehabilitate the USS FDR and USS New Jersey. (Id. at 122-24). Mr. Gitto recalled spending about a month or less on the USS New Jersey, and could not recall how long he was on the USS FDR. (Id. at 124-25). He testified that he spent about six months aboard the USS Independence. (Gitto Dep. Vol II, doc no. at 174-75).

Crane Co. moved for summary judgment, arguing that plaintiff failed to produce any evidence establishing Crane Co. as the manufacturer of asbestos-containing products to which Mr. Gitto was exposed. (Def.'s Mot. Summ. J., doc. no. 44, at 9). The Panel issued its R&R on June 29, 2010, denying Crane Co.'s motion for summary judgment.

Crane Co. raises three objections to the Panel's R&R. First, Crane Co. argues that it cannot be held liable for asbestos-containing products that were made or supplied by third parties. Second, Crane Co. argues that there is no evidence that Crane Co. supplied any of the asbestos-containing materials to which Mr. Gitto was exposed. Third, the Panel's conclusion that

4

Crane Co. valves incorporated or required the use of asbestos was based on speculation

For the reasons set forth below, Crane Co.'s objections are overruled, and adopts the Panel's R&R denying Crane Co.'s motion for summary judgment.

II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), "a judge of the Court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

When evaluating a motion for summary judgment, Federal Rule of Civil Procedure 56 provides that the Court must grant judgment in favor of the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that

fact. Id. at 248-249. "In considering the evidence the court should draw all reasonable inferences against the moving party." El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Once the moving party has thus discharged its burden the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

III. DISCUSSION

To establish proximate cause for an asbestos injury under New York law, a plaintiff must demonstrate that he was exposed to the defendant's product and that it is more likely than not that the exposure was a substantial factor in causing his injury. See Johnson v. Celotex Corp., 899 F.2d 1281, 1285-86 (2d Cir. 1990).

Jurors are instructed that an act or omission is a "substantial factor . . . if it had such an effect in producing the [injury] that reasonable men or women would regard it as a cause of the [injury]." Rubin v. Pecoraro, 141 A.D.2d 525, 527 (N.Y. App. Div. 1988). A particular defendant's product need not be the sole cause of injury. However, a plaintiff "must produce evidence identifying each [defendant]'s product as being a factor in his injury." Johnson, 899 F.2d at 1286.

As set forth below, Plaintiffs have raised a genuine issue as to whether valves manufactured by Crane were a substantial factor in Mr. Gitto's exposure to asbestos and subsequent mesothelioma diagnosis. Each of Crane Co.'s objections to the Magistrate Judges' report and recommendation will be addressed in turn.

    A.   Crane Co. is not Liable for Asbestos-containing
          Products Affixed to its Products After Sale

First, Crane Co. argues that it did not manufacture the asbestos-containing products at issue, and cannot be held liable for replacement or component parts that it did not manufacture or supply. Crane Co.'s argument is essentially that it had no duty to warn of the dangers of asbestos that it neither manufactured nor installed, which is a separate issue from causation, and one on which courts have reached divergent results. See, e.g., Berkowitz v. A.C. & S, Inc., 288 A.D.2d 148, 148 (N.Y. App. Div.

2001)(finding that defendant may have had a "duty to warn concerning the dangers of asbestos that it neither manufactured or installed on its pumps").  But see, Rastelli v. Goodyear Tire & Rubber Co., 79 N.Y.2d 289, 297-98 (1992) (holding that there is no duty to warn when a manufacturer "produces a sound product which is compatible for use with a defective product").

Therefore, this Court will not address Crane Co.'s argument that it had no duty to warn for defective products used in conjunction with its own.  As the MDL transferee court, and as a matter of efficient judicial administration, this Court is reluctant to predict the outcome of this unsettled issue, the merits of which have not been adjudicated by the New York Court of Appeals.  Therefore, the merits of the "bare metal defense" raised by Crane Co. are best left for determination in the transferor court, the Southern District of New York, which has more experience and familiarity with the application of New York state substantive law.  This ground for summary judgment will be denied without prejudice with leave to refile in the Southern District of New York after remand.

Accordingly, Crane Co.'s first objection is overruled, with leave to refile in the transferor court after remand.

> B. There is no Evidence that Crane Co. Supplied any of the Asbestos-containing Materials to which Mr. Gitto was Exposed

Crane Co. Asserts that any original asbestos-containing parts would have been replaced by the time Mr. Gitto worked on or around Crane Co. Valves. (Def.'s Objects, doc. no. 94, at 3). Crane Co. cites no support for their argument that Mr. Gitto could not have been exposed to original asbestos-containing parts of Crane Co. valves. It is true that some of Mr. Gitto's work was done on re-commissioned ships, and perhaps original Crane Co. parts had been replaced by the time the destruction necessary for the re-commissioning occurred. However, Crane Co. produces no evidence regarding the frequency of repairs and replacement on Crane Co. valves to support their argument. Therefore, there is a genuine issue of material fact that is appropriately left to jury as to whether original Crane Co. parts were replaced by the time the ships in question were re-commissioned.

Additionally, Mr. Gitto's employment was not limited to the re-commissioning of ships. Mr. Gitto testified that he performed new construction on the USS Independence. (Gitto Dep. Vol. I, at 122-24). He testified that he spent about six months aboard the USS Independence. (Gitto Dep. Vol. II, at 174-75). Plaintiff's expert in this case testified that Crane Co. valves were used in the construction of the USS Independence. (R&R at 10). Therefore, the facts on record show that Mr. Gitto was present for the construction of new ships which contained new Crane Co. Valves and original asbestos-containing components.

C. The Panel's Finding that Crane Co. Valves Contained
   Asbestos was Based on Mere Speculation

Crane Co. objects to the Panel's determination that, even though Mr. Gitto did not specifically identify working on Crane Co. products, the record was sufficient to raise a genuine issue of material fact as to causation. It is true that Mr. Gitto did not identify Crane Co. as the manufacturer of the valves that he performed work on, or witnessed the destruction of. However, the record indicates that Crane Co. valves could have been the source of Mr. Gitto's asbestos-related disease.

First, while Crane Co. Argues that it never admitted that its valves contained or required asbestos, its discovery responses indicate otherwise. (Def.'s Objects, doc. no. 94, at 4). Crane Co.'s answers to plaintiff's second set of interrogatories states in part:

> Crane Co.'s principal line of industrial equipment throughout the time period requested in this Request was industrial valves. Industrial valves manufactured by Crane Co. were made of steel, bronze, and other metals; the valves themselves are not composed of asbestos. Many of those valves bore the name "Crane" marked directly on the valve. **Certain of the valves had enclosed within their metal structure asbestos-containing gaskets, packing, or disks.** (Def.'s Resp. to Interrogs., doc. no. 62-6, at 12)(emphasis added).

This clearly indicates that Crane Co. valves incorporated asbestos-containing components.

Second, plaintiff's expert, retired Naval Captain and professional engineer Arnold P. Moore, confirmed that all of the

10

ships on which Mr. Gitto worked contained Crane Co. Valves.  He specifically identified the USS Franklin D. Roosevelt, USS Independence, USS New Jersey, USS Mackenzie and USS Putnam as containing Crane Co. valves.  (R&R at 10).  Adding this to Mr. Gitto's testimony regarding the destructive nature of the work being done on these ships, there is sufficient evidence on the record to raise a genuine issue of material fact as to whether Crane Co. valves caused Mr. Gitto's asbestos-related injuries.

The Panel's findings were based on Mr. Gitto's testimony and an uncontroverted expert report, not mere speculation.

IV. CONCLUSION

Each of Crane Co.'s objections to the Panel's R&R are overruled.  The Court adopts the Panel's R&R denying summary judgment as to Plaintiff's claims against Crane Co.

An appropriate order follows.